[No. B177064. Second Dist., Div. One. Jan. 26, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
BOBBY WILLARD FULLER, JR., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I., II.A., and II.C. and D.

**COUNSEL**

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lawrence M. Daniels and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROTHSCHILD, J.**—In this case, we hold that three rapes all committed against the same victim within an hour and within her apartment occurred "during a single occasion" under the "one strike" law punishing forcible sex crimes, and thus that only one "one strike" sentence may be imposed for the three rapes. (Pen. Code § 667.61, subd. (g); all further section references are to the Penal Code.)

A jury convicted Bobby Willard Fuller, Jr., of three counts of forcible rape, all committed during a burglary and with personal use of a firearm (counts 1–3); assault with a firearm (count 4); kidnapping for the purpose of committing rape and robbery with personal use of a firearm (count 5); first degree robbery at an automated teller machine (ATM) with personal use of a firearm (count 6); first degree burglary with personal use of a firearm (count 7); and possessing a firearm as a convicted felon (count 8). (§§ 261, subd. (a)(2), 667.61, subds. (a), (b), 245, subd. (a)(2), 209, subd. (b)(1), 12022.53, subd. (b), 211, 212.5, subd. (b), 459, 460, subd. (a), 12021, subd. (a)(1).) In a bifurcated trial after a jury waiver, the trial court found that Fuller had been convicted of robbery in 1995, constituting a "strike" and "serious felony" offense, and for which he had served a prison term. (§§ 667, subds. (a)–(i), 1170.12, 667.5, subd. (b).) The trial court, after denying Fuller's motion to strike his prior conviction (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]), imposed an aggregate sentence of 38 years plus life in prison without eligibility for parole for 100 years.[1]

Fuller appeals and contends that (I) the trial court erred in instructing the jury pursuant to CALJIC No. 2.03 (Oct. 2005 ed.) that if it found Fuller made a willfully false statement before trial regarding the crime it could consider the statement as consciousness of guilt. (II) Fuller also raises several challenges to various aspects of his sentence, contending that the trial court erred in (A) accepting his jury waiver regarding the prior conviction allegation because, under *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*), it must be decided by a jury; (B) imposing two consecutive sentences for the three rapes in violation of the section 667.61 prohibition against consecutive sentences for multiple sexual offenses committed against the same victim on a·single occasion; and (C) imposing mandatory consecutive sentences under the one strike and (D) three strike sentencing laws also in violation of *Blakely* and *United States v. Booker* (2005) 543 U.S. 220 [160 L.Ed.2d 621, 125 S.Ct. 738].

We reject contentions I and II.A, C, and D. Regarding issue II.B, the Attorney General concedes that the one strike sentence for one but not two of the rapes should be stricken, and, in a related point, that the court erred in

---

[1] As discussed more fully in part II, the trial court imposed different portions of the aggregate sentence under the determinate sentencing law (§§ 1170, 1170.1), the one strike violent sex crimes statute (§ 667.61), and the second strike portion of the three strikes law. (§ 667, subd. (e)(1).) Specifically, the court imposed two consecutive and one concurrent life terms for the three rape convictions under the one strike violent sex crimes law, finding that the three rapes, all "committed against a single victim[,]" were not committed "during a single occasion." (§ 667.61, subd. (g).)

sentencing Fuller under both the determinate sentencing and one strike laws, the latter of which is an alternative sentencing scheme, not an enhancement to the determinate sentencing law. The Attorney General asks us to strike the determinate portions of the sentences for the three rape convictions. We agree with Fuller that all three rapes were committed on a "single occasion" under the one strike law's definition of that phrase, and thus that he cannot be sentenced to more than one term under that law. We also agree with the Attorney General that Fuller can be sentenced on each count under the determinate sentencing *or* the one strike law but not under both. We vacate Fuller's sentence and remand for resentencing. In all other respects, we affirm the judgment.

## FACTS

About 11:30 p.m. on September 23, 2002, Ms. L. finished grocery shopping at a West Hollywood Ralphs market. As she returned to her car, Fuller, whom she did not know, walked up to her, displayed a handgun, demanded her money and car, and ordered her into the car. When Ms. L. refused, Fuller took her purse and car keys, struck her in the face with the gun, forced her inside the car, and drove away with her inside. A store video surveillance camera showed Fuller walking by Ms. L., going to the garage elevator, pulling something out of a bag, and driving away in her car.

Fuller drove to the San Fernando Valley where he forced Ms. L to give him $300 she withdrew from an ATM machine, and then to act like his girlfriend while he bought cigarettes and coffee at a convenience store. Fuller then drove back to West Hollywood and forced Ms. L. to take him inside her apartment, where he took more money and raped her three times. He forced her to have intercourse with him twice in the bedroom, the two acts separated only by a brief change in position. They then got dressed and went into the living room. After obtaining her cellular telephone number, discussing whether they would see each other again, and preparing to leave, Fuller changed his mind and forced her to have intercourse with him in the living room.[2] Fuller stayed in the apartment over an hour, then forced Ms. L. to drive him back to the Ralphs and drop him off. Ms. L. drove back to her apartment building and reported the crimes to the police, who found one of Fuller's fingerprints in the apartment, leading to his identification.

---

[2] The information charged the two bedroom rapes as counts 1 and 2 and the living room rape as count 3.

The police disclosed to the media that they had obtained an arrest warrant for Fuller. A few days after the crimes, Fuller saw a media report that he was a suspect and surrendered, telling reporters he was innocent of the charges, which he claimed Ms. L. fabricated to explain their consensual affair. In a postarrest statement to the police, Fuller said that he and Ms. L. had first met about a month before at a Ralphs market where he worked as a security guard. He claimed they encountered each other on the evening of September 23 at a bar and had consensual sex at her apartment. He denied driving with Ms. L. anywhere except to her apartment and committing any crimes against her. When the police showed Fuller photographs from the Ralphs's parking lot security camera showing him confronting her, he said he had been under the influence of alcohol and marijuana while with Ms. L., clouding his memory of events. Fuller then changed his story and corroborated most of Ms. L.'s version of events: he admitted encountering her in the Ralphs's parking lot, driving together to the San Fernando Valley where she made an ATM withdrawal, stopping for coffee and cigarettes, then returning to her apartment where he claimed they had consensual sex. Fuller denied threatening, robbing, or striking Ms. L. and claimed she falsely accused him of the crimes because she was embarrassed about their affair. Fuller did not testify at trial.

## DISCUSSION

### I. The Court Properly Instructed the Jury with CALJIC No. 2.03.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. Issues Relating to Fuller's Sentencing.

Fuller's remaining issues relate to the propriety of his sentence and involve findings by the trial court, after his jury waiver, that (A) he had a prior "strike" conviction, (B) his three rape convictions did not occur on a single occasion, and he could be sentenced under both the determinate and one strike laws for the three rape convictions, and (C) and (D) *Blakely* did not require jury findings regarding those issues. Because some discussion of these issues overlaps, we introduce them by setting out all the facts regarding Fuller's sentencing.

[*]See footnote, *ante*, page 1336.

After denying Fuller's motion to strike the "strike," the trial court discussed *Blakely*, which had been issued a few weeks earlier. The court concluded that although *Blakely* might apply to Fuller's case, the court would follow existing law until appellate courts clarified *Blakely*'s applicability to California's sentencing laws.[4]

Next, the court discussed the applicability of the one strike forcible sex crime law (§ 667.61) to Fuller's case. The court found that the two rapes committed in the bedroom (counts 1 and 2) were committed on a single occasion, but the rape committed in the living room (count 3) was committed on a different occasion from the two bedroom rapes. Based on those findings, the court stated it intended to impose two consecutive life terms for two of the rape convictions, one for the bedroom rapes and the other for the living room rape, and a concurrent term for the second bedroom rape, under the one strike law. The court expressly chose to exercise its discretion under the one strike law to impose a concurrent term for the second bedroom rape.

The court then imposed eight-year full upper determinate terms for each of the three counts of rape under the determinate sentencing law (§§ 667.6, subds. (c), (d), 1170, 1170.1), "enhanced" those sentences with life terms with minimum parole eligibility in 25 years under the one strike law (§ 667.61), and then doubled those terms as a second "strike" under the three strikes law. Thus, for each of the three rape counts, the court imposed a term of 16 years plus life in prison with a minimum parole eligibility of 50 years. The court, however, made the sentence for the living room rape (count 3) consecutive to, and the sentence for the second bedroom rape (count 2) concurrent with, the sentence for the first bedroom rape (count 1). The court then imposed six years for the prior felony convictions. The court imposed and stayed sentence for all the other counts under section 654. Thus, the aggregate sentence was a determinate term of 38 years (16 years each for counts 1 and 3 plus six years for the prior convictions) plus life in prison with a minimum parole eligibility of 100 years.[5]

---

[4] We reject the Attorney General's argument that Fuller waived any *Blakely* claims because he did not advance them below. As noted, the trial court expressly considered *Blakely's* applicability. Thus, the waiver rule does not apply.

[5] The court misspoke when stating which of the sentences for counts 2 and 3 was consecutive to and which concurrent with the sentence for count 1, but the abstract of judgment and minutes correctly show that the sentence for count 2 was concurrent with, and the sentence for count 3 was consecutive to, the sentence for count 1.

## A. The Court Properly Accepted Fuller's Jury Waiver Regarding the Prior Conviction Allegations.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## B. The Trial Court Erred in Imposing More Than One Term for the Three Rape Convictions Under the One Strike Law.

Fuller argues that the trial court erred in imposing two sentences for the three rape convictions under the one strike forcible sex crime sentencing statute (§ 667.61) because all the rapes occurred on a "single occasion" as that term is used in the section and therefore two of the sentences must be stricken. The Attorney General concedes that the two rapes committed in the bedroom (counts 1 and 2) occurred on a single occasion, and that the concurrent life term with no parole eligibility for 50 years for count 2 must be stricken, but argues that the rape in the living room (count 3) occurred on a different occasion. We agree with Fuller that all of the rapes were committed on a "single" occasion under the one strike law.

■ "[M]ultiple sex offenses occurred on a 'single occasion' within the meaning of . . . section 667.61, subdivision (g), if there was a close temporal and spatial proximity between offenses." (*People v. Jones* (2001) 25 Cal.4th 98, 100–101, 107 [104 Cal.Rptr.2d 753, 18 P.3d 674].)[6] In so interpreting the statute *Jones* refused to apply the test adopted under section 667.6 to determine whether forcible sex crimes were committed against the victim "on separate occasions" under section 667.6, subdivision (d), namely, whether the defendant had a meaningful opportunity to reflect between the attacks. As *Jones* explained, "given the harshness of the punishment dictated by . . . section 667.61, subdivision (g)—of life imprisonment—and the lack of definitive legislative direction, the rule of lenity also points to the conclusion that the Legislature intended to impose no more than one such sentence per victim per episode of sexually assaultive behavior [Citation.] . . . [T]he rule we adopt should result in a *single* life sentence, rather than *three* consecutive life

---

*See footnote, *ante*, page 1336.

[6] The defendant in *Jones* forced the victim inside a car and over about 90 minutes forced her to orally copulate him for about 30 minutes, then forced her into a different position and raped her, then forced her into a different position and sodomized her three times over about an hour. The defendant was convicted of one count each of oral copulation and rape and three counts of sodomy. The trial court found that the three sodomy counts were committed on the same occasion but the oral copulation, rape, and three sodomies were committed on separate occasions and imposed three full consecutive sentences. The Supreme Court adopted the definition, *ante*, of single occasion, vacated the sentence, and remanded for resentencing at which the trial court should apply the definition and impose an appropriate sentence.

sentences, for a sequence of sexual assaults by defendant against one victim that occurred during an uninterrupted time frame and in a single location." (25 Cal.4th at p. 107.)

We agree with Fuller that the three rapes occurred on a single occasion as defined by the Supreme Court in *Jones*. All three rapes occurred within about an hour while both Fuller and Ms. L. remained inside her apartment. The only movement was the short distance from her bedroom to the living room. Defendant kept Ms. L. under his continuous and uninterrupted control during the entire time of the incident. Thus, there was a close temporal and spatial proximity between the three offenses. Accordingly, we vacate the sentence and remand for resentencing. On remand, the trial court should impose only one "one strike" term for the three rape convictions. Moreover, the court should not impose any additional sentence for the count on which it chooses to impose the one strike sentence. (*People v. Wutzke* (2002) 28 Cal.4th 923, 929–930 [123 Cal.Rptr.2d 447, 51 P.3d 310]; *People v. Mancebo* (2002) 27 Cal.4th 735, 741–742 [117 Cal.Rptr.2d 550, 41 P.3d 556].)[7]

We agree with the Attorney General that the trial court erred in sentencing Fuller under both the one strike and the determinate sentencing laws for each rape count because the former is an alternative, harsher sentencing scheme for those to whom it applies, not an enhancement under the latter. (*People v. Acosta* (2002) 29 Cal.4th 105, 118–128 [124 Cal.Rptr.2d 435, 52 P.3d 624].) Thus, on remand, on all counts other than the one on which the court imposes the single one strike sentence, the trial court should sentence Fuller under the determinate sentencing law.

## C.–D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[7] The Supreme Court recently granted review in a case which held that (1) two forcible sex crimes committed against the same victim while she was restrained on a bed were on separate occasions under section 667.61 where the defendant left the room briefly after the first crime, then returned and committed the second assault, and (2) *Blakely* applied to the "single occasion" findings under sections 667.6 and 667.61, but the error in failing to submit that issue to the jury did not prejudice the defendant. (*People v. Saphac* (Cal.App.), review granted June 8, 2005, S132399.)

We also note that the three strikes law requires imposition of consecutive sentences where a defendant currently is convicted of more than one serious and/or violent felony "not committed on the same occasion, and not arising from the same set of operative facts." (§ 667, subd. (c)(6).) We do not address the applicability of this section to this case.

*See footnote, *ante*, page 1336.

## DISPOSITION

The sentence is vacated and the case is remanded for resentencing at which time the trial court should exercise its sentencing discretion consistent with the views expressed herein. In all other respects, the judgment is affirmed.

Mallano, Acting P. J., and Vogel, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 17, 2006, S141509. Baxter, J., Werdegar, J., and Corrigan, J., were of the opinion that the petition should be granted.