Filed 4/8/26

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083989 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD298702) |
| v. | |
| JAZZ BRADLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marian F. Gaston, Judge. Affirmed as modified.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Randall D. Einhorn and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Jazz Bradley on two counts of forcible rape of two victims on separate occasions, one of whom was 16 years old, and unlawful sexual intercourse with another 16-year-old minor. The jury also found true

that Bradley committed the forcible rape offenses with numerous circumstances—including aggravated kidnap and a prior conviction for forcible rape—which made him eligible for sentencing under the One Strike law (Pen. Code,[1] § 667.61), Habitual Sexual Offender law (§ 667.71), and the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, and 668).  The trial court sentenced Bradley to consecutive sentences of life imprisonment without the possibility of parole (LWOP) for the forcible rape of the minor, 50 years to life for the second forcible rape, and a determinant term of five years and eight months on a robbery count and the unlawful sexual intercourse count.

On appeal, Bradley challenges three aspects of the trial court's sentencing decisions.  We reject his first claim that the court violated the prohibition against dual use of facts in imposing the upper term for the robbery count.  We agree with his second and third claims that the additional, stayed terms on the forcible rape counts based on unused One Strike circumstances and the Habitual Sexual Offender law are unauthorized.  Consequently, we shall order those stayed sentences stricken and affirm the judgment as modified.

BACKGROUND

I.

*Conviction Offenses*[2]

On February 12, 2023, Bradley offered to drive I.L. home.  Instead of taking her home, he took her to a parking lot near an open field or large park,

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    Because Bradley's appeal is limited to sentencing issues, we describe the facts and allegations underlying his case only briefly.

somewhere in Oceanside. He climbed on top of I.L. and forcibly raped her on the front passenger seat. As I.L. was crying and begging him to stop, Bradley punched her in the face a couple of times and told her to shut up "or else he was going to fuck [her] up worse."

After he ejaculated, Bradley started his car and got back on the freeway. I.L. asked him where they were going and he punched her in the head again. He got off the freeway and parked somewhere near a beach in Oceanside. He started hitting and punching I.L. "constantly" in the head and face, at least 15 to 20 times. As his punches got harder, she thought she was going to lose consciousness. She tried to get out of the car, but he locked the door each time she managed to unlock it. When she finally broke free, Bradley drove off with her belongings and purse that had her identification, cash and credit card.

I.L.'s nose was "broken in multiple pieces." She suffered from pain in her face, jaw and skull and had bruises and swelling on her head.

Three days later, on February 15, 2023, Bradley drove 16-year-old E.S. to a neighborhood in Sunset Cliffs. After he parked, he told E.S. to take off her clothes. She refused. He pulled down his pants and asked her repeatedly to orally copulate him. She refused again. E.S. tried to get out of his car, but Bradley pulled her back in the car, by her hair, and pointed a gun at her head. He then started punching her in the face. She pulled out a pocketknife from her jacket and stabbed him in the leg but that did not stop him from hitting her. He then drove them to another location and threw her phone out of the car along the way. On a dead-end street near El Cajon Boulevard, he forcibly raped her. After he was done, he drove E.S. to Clairemont and told her to get out. E.S. suffered multiple contusions to the head and a mild concussion.

3

On February 25, 2023, the police tracked Bradley's car to a motel parking lot and confirmed he was registered to a room there. The police lured Bradley out of his room and arrested him. J.P., another 16-year-old girl, was found in Bradley's room. A non-sperm fraction of a scrotal swab from Bradley showed "very strong support" for inclusion of J.P.'s DNA by a likelihood of $9.67 \times 10^{22}$.

Additionally, a sperm fraction on vaginal swabs collected from I.L. showed "very strong support" for including Bradley as a contributor by a likelihood ratio of $5.9 \times 10^{30}$. A sperm fraction on swabs from E.S.'s body, including her genital region, also showed "very strong support" for including Bradley by a likelihood ratio of $5.2 \times 10^{27}$.

## II.

### *Jury Verdicts*

A jury convicted Bradley of two counts of forcible rape (§ 261, subd. (a)(2); count 1 (I.L.) and count 5 (E.S.)); two counts of kidnap for rape (§ 209, subd. (b)(1); count 2 (I.L.) and count 7 (E.S.)); one count of robbery (§ 211; count 3 (I.L.)); one count of assault by means likely to cause great bodily injury (§ 245, subd. (a)(4); count 4 (I.L.)); and one count of unlawful sexual intercourse with a minor more than three years younger (§ 261.5, subd. (c); count 8 (J.P.)).[3]

The jury found true that Bradley had previously been convicted of forcible rape (§ 261, subd. (a)(2)), on September 3, 2015. The conviction qualified as a strike prior (§§ 667, subds. (b)–(i), 1170.12, and 668) and a serious felony prior (§§ 667, subd. (a)(1), 668, and 1192.7, subd. (c)). As to

---

[3]    Count 6 for forcible oral copulation of E.S. (§ 287, subd. (c)(2)(A)) was dismissed by the trial court pursuant to section 1118.1.

counts 1 and 5, the jury specifically found true the prior forcible rape conviction qualified Bradley as a habitual sexual offender (§ 667.71, subd. (a)).

Accompanying the conviction for forcible rape of I.L. in count 1, the jury found the following circumstances to be true under the One Strike law:[4] (1) Bradley was previously convicted of forcible rape under section 261, subdivision (a)(2) (§ 667.61, subd. (d)(1)); (2) the movement in the kidnapping of the victim increased the risk of harm to her over and above the level of risk necessarily inherent in the rape (§ 667.61, subd. (d)(2)); (3) he kidnapped the victim for rape in violation of section 209 (§ 667.61, subd. (e)(1)); (4) he kidnapped the victim for rape in violation of section 209 and was convicted in the present case of committing a qualifying offense against more than one victim (§ 667.61, subd. (e)(1) & (e)(4)); and (5) he was convicted in the present case of committing a qualifying offense against more than one victim (§ 667.61, subd. (e)(4)).

Accompanying the conviction for forcible rape of E.S. in count 5, the jury found the following circumstances to be true under the One Strike law:[5]

---

[4] We state the One Strike circumstances accompanying count 1 as they were set forth in the verdict forms but note that the third and fifth circumstances, alleged under subdivision (b) of section 667.61, are duplicative of the fourth circumstance, which combines the third and fifth circumstances under subdivision (a) of section 667.61. We address this duplication later in our analysis of the sentences.

[5] Again, we state the One Strike circumstances accompanying count 5 as they were set forth in the verdict forms but note that the third and fourth circumstances, alleged under subdivision (m) of section 667.61, are duplicative of the second circumstance, which combines the third and fourth circumstances under subdivision (*l*) of section 667.61. We address this

(1) E.S. was a minor over 14 years old and Bradley was previously convicted of forcible rape under section 261, subdivision (a)(2) (§ 667.61, subds. (*l*), (d)(1)); (2) E.S. was a minor over 14 years old, Bradley kidnapped her in violation of section 209, and he has been convicted in the present case of committing a qualifying offense against more than one victim (§ 667.61, subds. (*l*),[6] (e)(1), (e)(4)); (3) E.S. was a minor over 14 years old and Bradley has been convicted in the present case of committing a qualifying offense against more than one victim (§ 667.61, subds. (m), (e)(4)); (4) E.S. was a minor over 14 years old and Bradley kidnapped her for the purpose of rape in violation of section 209 (§ 667.61, subds. (m), (e)(1)).

Additionally, the jury found true as to counts 1 and 5 that Bradley committed kidnap for rape within the meaning of section 667.8, subdivision (a); as to count 1 that he personally inflicted great bodily injury on I.L. within the meaning of section 12022.8; as to count 4 that Bradley personally inflicted great bodily injury upon I.L. within the meaning of sections 12022.7, subdivision (a), and 1192.7, subdivision (c)(8)); and as to count 5 that E.S. was a minor over 14 years old within the meaning of section 264, subdivision (c)(2).

---

duplication later in our analysis of the sentences.

[6]	The verdict form identified this allegation under subdivision "(a)(c)(e)" of section 667.61.  At the sentencing hearing on April 19, 2024, the prosecutor alerted the trial court that the designation was an error, and the allegation should have been listed under subdivision (*l*), consistent with the operative information.  Accordingly, the court made that correction without any objection from the defense.

## III.

### *Sentencing*

In April 2024, the trial court sentenced Bradley to an aggregate prison term of LWOP on count 5, plus 50 years to life on count 1, plus a determinant term of five years and eight months for counts 3 and 8. Acknowledging the "complexity of the sentencing rules" that applied, the court proceeded methodically through its sentencing decisions and exercise of discretion. Before we summarize the court's sentencing decisions, we provide a brief overview of the applicable sentencing schemes that govern Bradley's sentencing.

### A. *Applicable Sentencing Schemes*

The One Strike law provides that defendants convicted of a specified sex offense shall be punished by a prison term of 25 years to life if they committed the offense "under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e)" of section 667.61. (§ 667.61, subd. (a).) If they committed the specified offense "under one of the circumstances specified in subdivision (e)" of section 667.61, then they shall be punished by a prison term of 15 years to life. (§ 667.61, subd. (b).)

The One Strike law provides for even longer sentences where the victim is a minor. Relevant here, it provides that defendants convicted of a specified offense "upon a victim who is a minor 14 years of age or older" shall be punished by a prison term of LWOP if they committed the offense "under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e)" of section 667.61. (§ 667.61, subd. (*l*).) For those defendants convicted of a specified offense against a minor 14 years of age or older "under one of the circumstances specified in

7

subdivision (e)" of section 667.61, they shall be punished by a prison term of 25 years to life.  (§ 667.61, subd. (m).)

Forcible rape in violation of section 261, subdivision (a)(2), is a qualifying offense that triggers all these sentencing provisions of the One Strike law.  (§ 667.61, subds. (c)(1), (n)(1).)

Forcible rape is also a qualifying offense that triggers sentencing under the Habitual Sexual Offender law, which provides that a defendant who stands convicted of one of 13 specified sex offenses and who has previously been convicted of one or more of these specified sex offenses shall be punished by a prison term of 25 years to life.  (§ 667.71, subds. (a), (b), (c)(1).)

The One Strike and Habitual Sexual Offender laws are to be applied cumulatively with the Three Strike laws (*People v. Acosta* (2002) 29 Cal.4th 105, 118–128 (*Acosta*); *People v. Snow* (2003) 105 Cal.App.4th 271, 281 (*Snow*) [courts may punish cumulatively under the One Strike and Three Strikes laws, and cumulatively under the Habitual Sexual Offender and Three Strikes laws]), such that an indeterminate term with a specified minimum number of years to be served before parole eligibility may be doubled or tripled under the Three Strikes law (*People v. Mason* (2014) 232 Cal.App.4th 355, 368 (*Mason*)).  However, because there is no specified minimum number of years in a sentence of LWOP, such a term is ineligible for doubling or tripling under the Three Strikes law.  (*Mason*, at pp. 367–369.)

B.    *Indeterminate Terms*

1.    *Count 5 (Forcible Rape of E.S.)*

On count 5, the trial court imposed a term of LWOP pursuant to subdivision (*l*) of section 667.61 based on the true finding that he committed forcible rape of a minor over 14 years old with the prior conviction for forcible

8

rape circumstance under subdivision (d)(1) of section 667.61  The court, correctly, did not double the term for the strike prior.  (See *Mason, supra*, 232 Cal.App.4th at pp. 367–369.)

Here, the defense requested that the trial court exercise its discretion, pursuant to section 1385, subdivision (c), to dismiss the section 667.61, subdivision (*l*), circumstance and, instead, sentence him to a term of 25 years to life under subdivision (a) of section 667.61.[7]  Although the court found there were mitigants, including that Bradley's "young life" was marked by "instability, abandonment, and early exposure to drugs, interpersonal violence, and inappropriate[ ] sexual behavior," some of which occurred while he was in foster care, the court ruled it could not "in good conscience" grant the defense's request.

The trial court explained:  "The legislature has made it abundantly clear that when a defendant is convicted of this combination of crimes with this prior history, simply put the legislature does not want the offender to ever be released.  [¶]  The victims in this case, the woman and girls were vulnerable and struggling.  The crimes as argued by [the prosecutor] . . . were callous and degrading.  On the spectrum of rapes, the forc[ible] rapes themselves were particularly disturbing.  They involved the kidnapping of strangers, prolonged beatings, and the theft of victims' cellphones which

---

7    The One Strike law provides, "Notwithstanding [s]ection 1385 or any other law, the court shall not strike any allegation, admission, or finding of any of the circumstances specified in *subdivision (d) or (e)* for any person who is subject to punishment under this section."  (§ 667.61, subd. (g), italics added.)  We are not called on to, nor do we express any opinion on the statute's silence as to the sentencing court's authority to strike any allegation, admission, or finding under section 667.61, subdivision (*l*).

slowed their ability to seek help. [¶] Mr. Bradley was literally wearing the ankle bracelet monitoring him on parole for his previous rape as he circled the blocks of the homeless encampments [d]owntown looking for women to approach. [¶] The behavior described is chilling, and he still maintains that the behavior was consensual, despite video and photographic evidence of crying women, of intense distress, of bloody lips, and bloody noses. He poses a threat to the community. [¶] For all of these reasons, the [c]ourt exercises its discretion and imposes the sentence in accordance with" subdivision (*l*) of section 667.61.[8]

### 2. *Count 1 (Forcible Rape of I.L.)*

On count 1, the trial court imposed a term of 25 years to life pursuant to subdivision (a) based on the prior conviction of forcible rape circumstance under subdivision (d)(1) of section 667.61, doubled to 50 years to life for the strike prior. The court denied Bradley's *Romero*[9] motion and declined to dismiss the strike prior in sentencing on count 1, "given the seriousness of the sexual assault" in count 1, "the seriousness of the strike prior, the fact that there were multiple victims in the current case, and the similarity between the strike prior and the offense" in count 1.

---

[8]  The trial court imposed and stayed additional terms on count 1, as well as count 5, which we discuss later in addressing Bradley's claims that the stayed sentences are unauthorized.

[9]  *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

C.    *Determinate Terms*

The trial court imposed a determinate term of five years and eight months on counts 3 and 8, calculated as follows.

On count 3, robbery of I.L., the court imposed the upper term of five years.  It considered the mitigating factors including "the myriad adverse childhood experiences that undoubtedly shaped Mr. Bradley's views of sex, of relationships and violence, and contributed to his vulnerability to drugs." But it found the aggravating factor related to this count—"that the robbery was committed during the course of a rape"—outweighed the mitigants.

On count 8, unlawful sexual intercourse with J.P., the trial court imposed one third the middle term of eight months, consecutive to the five-year term imposed on count 3.

As to both counts 3 and 8, the court declined to double the punishment and dismissed the strike prior in light of the mitigants and the fact that he was sentenced to significant indeterminate terms on counts 1 and 5.  The court also declined to run the sentences on counts 3 and 8 concurrently because each involved separate victims harmed on separate days.

DISCUSSION

I.

*No Dual Use of Facts in Imposing the Upper Term on Count 3*

Bradley contends the trial court violated the rule against dual use of facts by relying on the same aggravating factor to impose the upper term on his robbery conviction in count 3 *and* to impose that term consecutive to his sentence for forcible rape in count 1.  Based on this characterization, he asserts the trial court abused its discretion in imposing the upper term on count 3.  We reject this argument because it rests on an incorrect characterization of the court's sentencing decision.

11

As noted, the trial court imposed the upper term on count 3 based on the aggravating factor that the robbery was committed *during the course of I.L.'s rape.*[10] This was not the same fact, or reason, that the upper term sentence on count 3 was made consecutive to the sentence in count 1, or the sentence in count 5.

The One Strike law, provides, relevant here, that "[f]or any offense specified in paragraphs (1) to (7), inclusive, of subdivision (c), or in paragraphs (1) to (6), inclusive, of subdivision (n), the court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve *separate victims.*" (§ 667.61, subd. (i), italics added.) As we have noted, forcible rape is specified as a qualifying offense under section 667.61, subdivisions (c)(1) and (n)(1).

Section 667.6, subdivision (d)(1), further mandates that a "full, separate, and consecutive term shall be imposed for each violation of [a qualifying] offense [such as forcible rape] . . . *if the crimes involve separate victims* or involve the same victim on separate occasions." (§ 667.6, subd. (d)(1), italics added; see *id.*, subd. (e)(1) [specifying forcible rape as a qualifying offense].) Further still, subdivision (d)(3) of that section mandates that the "[t]he term *shall be served consecutively to any other term of imprisonment* and shall commence from the time the person otherwise would have been released from imprisonment." (§ 667.6, subd. (d)(3), italics added.)

Thus, as the trial court expressly noted at the beginning of its sentencing determinations, Bradley's convictions in counts 1 and 5 of forcible

---

10    Bradley does not challenge the trial court's finding that the aggravating factor was proven beyond a reasonable doubt by the jury verdicts in the other counts.

rape against *two separate victims* triggered application of all three consecutive sentencing provisions. As required, the court imposed full strength and consecutive sentences for each forcible rape in counts 1 and 5 (§§ 667.61, subd. (i), 667.6, subds. (d)(1) & (e)(1)), and those terms are also made consecutive to "any other term of imprisonment," including the upper term in count 3, pursuant to section 667.6, subdivision (d)(3). Contrary to Bradley's claim, none of these terms were imposed consecutively because the robbery was committed during a rape, the fact relied on by the court to impose the upper term on count 3.

Because he misunderstands the trial court's sentencing decisions, Bradley's reliance on our decision in *People v. Dorado* (2024) 105 Cal.App.5th 717 is misplaced. There the defendant was convicted for three counts of rape of an intoxicated person against three separate victims. (*Id.* at p. 727.) Because the defendant stood convicted of a qualifying offense against *multiple victims*, the sentencing court applied full-strength consecutive sentencing on these counts pursuant to the mandatory provision of section 667.6, subdivision (d). (*Dorado*, at p. 728.) The court then used the same fact—*multiple victims*—to impose upper terms on the same three counts. (*Ibid.*) The court overruled the defendant's dual use objection because, in its view, one of the two uses of the multiple-victims factor was statutorily mandated under section 667.6, subdivision (d), rather than discretionary. (*Ibid.*) In that context, we held the two uses of the multiple-victims factor violated the dual use prohibition even when the consecutive sentence is mandatory under section 667.6, subdivision (d). (*Dorado*, at p. 723.) *Dorado* has no application in this case.

We thus conclude the trial court did not abuse its discretion by imposing the upper term on count 3. Because we reject Bradley's claim on

the merits, we do not reach his alternative claim of ineffective assistance of counsel.

## II.

### *The Stayed Sentences Under the Habitual Sexual Offender Law Are Not Authorized*

As noted, the jury returned true findings on counts 1 and 5 that Bradley was previously convicted of forcible rape under section 261, subdivision (a)(2), making him a habitual sexual offender under section 667.71, subdivision (a).  After the trial court imposed the indeterminate terms on counts 1 and 5 under the One Strike law, it also imposed and stayed on each count a term of 25 years to life under the Habitual Sexual Offender law, then doubled to 50 years to life for the strike prior.  Bradley contends the additional stayed sentences under the Habitual Sexual Offender law are unauthorized, and the sentences must be stricken.

We agree.[11]  Because the One Strike and Habitual Sexual Offender laws are alternative sentencing schemes, the trial court may impose sentence "under one of the sentencing schemes, but not both, and the decision to choose which sentencing scheme to impose is within the reasonable discretion of the sentencing court." (*Snow, supra*, 105 Cal.App.4th at p. 282; see *id.* at pp. 281–282; accord *People v. McQueen* (2008) 160 Cal.App.4th 27, 37–38

---

[11]    Because the sentences under the Habitual Sexual Offender law are unauthorized, we disagree with the Attorney General that Bradley has forfeited the challenge by failing to object to the trial court's imposition and stay of the sentences.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*) [an unauthorized sentence "constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal"].)

14

(*McQueen*); *People v. Lopez* (2004) 119 Cal.App.4th 355, 363 (*Lopez*). "Under circumstances in which the alternative sentencing schemes of section 667.61 and 667.71 apply, the sentencing court has discretion to choose one of the sentencing schemes and then must strike or dismiss, rather than stay, *the sentence* under the other." (*Snow*, at p. 283, italics added.)

Although the courts in *Lopez* and *McQueen* agreed that sections 667.61 and 667.71 are alternative sentencing schemes and the trial court must select only one of them in imposing sentence, they concluded the sentence under the unused sentencing scheme should be *stayed*. (*Lopez*, *supra*, 119 Cal.App.4th at pp. 362–366; *McQueen*, *supra*, 160 Cal.App.4th at pp. 33–38.) Analogizing the One Strike and Habitual Sexual Offender laws to alternative *enhancements*, the *Lopez* court held the correct procedure is to "impose a sentence on the barred enhancement, but then stay execution of that sentence" under the authority of California Rules of Court, rule 4.447.[12] (*Lopez*, at p. 364.) The *Lopez* court reasoned this procedure has an implied statutory basis "so that a defendant who is subject to one of two alternative punishments will not be wrongly subjected to the other; if, however, one of the two punishments is invalidated, the defendant will still be subject to the remaining one." (*Id.* at p. 365.) The problem with this analysis, however, is

---

[12] " 'No finding of an enhancement shall be stricken or dismissed because imposition of the term is either prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge shall impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and shall thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed.' " (*Lopez*, *supra*, 119 Cal.App.4th at p. 364, quoting Cal. Rules of Court, former rule 4.447.)

that the One Strike and Habitual Sexual Offender laws are not enhancements; they are "alternative, harsher sentencing scheme[s]" for those to whom they apply. (*People v. Fuller* (2006) 135 Cal.App.4th 1336, 1343 [§ 667.61 is "an alternative, harsher sentencing scheme for those to whom it applies, not an enhancement"]; see *People v. Jefferson* (1999) 21 Cal.4th 86, 101 [a "sentence enhancement is 'an *additional term* of imprisonment added to the base term' "].)

We, therefore, follow *Snow* and conclude it was error for the trial court to have imposed a sentence under both the One Strike law and the Habitual Sexual Offender law, even though it stayed execution of the latter. In doing so, we acknowledge that the *Snow* court, after concluding *the sentence* under the unused alternative sentencing scheme must be stricken, not stayed, went on to say elsewhere that "[t]he *sentencing scheme* not imposed is to be *dismissed*" (*Snow*, *supra*, 105 Cal.App.4th at p. 283, italics added) and, because it "presume[d] on a remand [the trial court] would dismiss *that true finding*" under the Habitual Sexual Offender law (*Snow*, at pp. 283–284, italics added), it will "*vacate* the habitual sex offender *true finding*" to avoid needless further judicial proceedings (*Snow,* at p. 284, italics added). The disposition then ordered "*[t]he true finding under section 667.71 is stricken.*" (*Snow,* at p. 284, italics added.)

We decline to go this far and will not vacate or order stricken the jury's true findings on section 667.71, subdivision (a), for three reasons. *First*, Bradley asserts we must strike the stayed sentences; he does not ask that we vacate or dismiss the jury's true findings. *Second*, and importantly, there is no authority to do so. The Habitual Sexual Offender law states, "Notwithstanding [s]ection 1385 or any other law, the court *shall not* strike any allegation, admission, or finding of any prior conviction specified in

16

subdivision (c)" of section 667.71. (§ 667.71, subd. (d), italics added.) Similarly, the One Strike law states, "Notwithstanding [s]ection 1385 or any other law, the court *shall not* strike any allegation, admission, or finding of any of the circumstances specified in subdivision (d) or (e)" of section 667.61. (§ 667.61, subd. (g), italics added.) Once pled and proven, the circumstances of the qualifying offense which triggers the punishment under the two alternative sentencing schemes "shall not" be stricken. (See *People v. Hammer* (2003) 30 Cal.4th 756, 761 [The One Strike "law expressly divests trial courts of authority to avoid these severe sentences: it provides that courts are barred from exercising their traditional discretion to 'strike' any of the triggering circumstances specified in the One Strike law."]; accord *People v. Jackson* (1998) 66 Cal.App.4th 182, 193–194; *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1277.) *Third*, we believe there is some ambiguity in *Snow*.

In *Snow*, the trial court sentenced the defendant to a prison term of 85 years to life, consisting of a 25-year-to-life term under the One Strike law, tripled under the Three Strikes law, plus a 10-year consecutive term for the two prior serious felony convictions. (*Snow*, *supra*, 105 Cal.App.4th at p. 274.) The court also imposed the 25-to-life sentence required by the Habitual Sexual Offender law but stayed execution of the sentence under section 654. (*Snow,* at p. 280.) Having concluded that sections 667.61 and 667.71 are alternative sentencing schemes and the trial court must choose only one (*Snow,* at pp. 281–282), this court was then confronted with whether it was appropriate for the trial court to impose but stay execution of the duplicative Habitual Sexual Offender sentence pursuant to section 654 (*Snow,* at p. 283). The *Snow* court concluded it was not, because "section 654 does not apply to alternative sentencing schemes." (*Ibid*.) The court went on to say that "[u]nder circumstances in which the alternative sentencing schemes of

17

section 667.61 and 667.71 apply, the sentencing court has discretion to choose one of the sentencing schemes and then must strike or dismiss, rather than stay, *the sentence* under the other." (*Ibid.*, italics added.)

In reaching that conclusion, the *Snow* court relied on its prior decision in *People v. Johnson* (2002) 96 Cal.App.4th 188, 208–209, disapproved on another ground by *Acosta*, *supra*, 29 Cal.4th at page 134, footnote 13. In *Johnson*, the court requested supplemental briefing on whether the trial court was authorized to impose a 25-year-to-life term under the One Strike law and also impose and stay pursuant to section 654 the same sentence for the same count under the Habitual Sexual Offender law. (*Johnson*, at p. 192.) Although the court concluded it was "unnecessary" to address the question because it was reversing and remanding for resentencing on another ground, the court "comment[ed] generally on the matter for the guidance of the trial court" that "such an alternative *penalty would have to be stricken* to be consistent with the determination [by the California Supreme Court in *People v. Murphy* (2001) 25 Cal.4th 136, 154–156] that section 654 does not apply to recidivist sentencing schemes which focus on the status of the defendant as a repeat felon." (*Johnson*, at p. 207, italics added.) Reiterating its belief that the trial court should "strike such *alternative penalty* if pled and proved" (*id.* at p. 209, italics added), the court footnoted this observation: "Although it has been determined that a trial court has *no authority to strike any of the circumstances* specified in subdivision (d) of section 667.61 once they have been pled and proved [citations], nothing in section 667.61 precludes a court from *striking the punishment* for those circumstances where the defendant is sentenced under an alternative sentencing scheme" (*id.* at p. 209, fn. 13, italics added.) The authority relied on by *Snow* does not

18

support its later statement that a trial court is permitted to strike or dismiss the true finding of the Habitual Sexual Offender circumstance.

In sum, we conclude the sentences of 25 years to life imposed on each of counts 1 and 5 under the Habitual Sexual Offender law, doubled for the strike prior, and stayed are unauthorized and shall be stricken.

### III.

*Stayed Sentences on Unused One Strike Circumstances*

As noted, on counts 1 and 5, the jury returned true findings on multiple One Strike circumstances under subdivisions (d) and (e) of section 667.61. On count 5, the trial court sentenced Bradley to a term of LWOP based on the subdivision (d)(1) circumstance of a prior forcible rape conviction, pursuant to subdivision (*l*) of section 667.61. On count 1, the court sentenced Bradley to a term of 25 years to life based on the subdivision (d)(1) circumstance of a prior forcible rape conviction, pursuant to subdivision (a) of section 667.61, then doubled to 50 years to life for the strike prior. For both counts, the court also imposed and stayed sentences on the remaining "unused" One Strike circumstances. Bradley contends the additional stayed sentences are unauthorized because the One Strike statute contemplates only a single, One Strike sentence "per [c]ount." The Attorney General disagrees with this interpretation. We conclude the additional stayed sentences are unauthorized, and the sentences must be stricken.[13]

---

[13] Again, we do not apply forfeiture to Bradley's challenge of unauthorized sentences as requested by the Attorney General based on his failure to object to the trial court's imposition of the stayed sentences under the One Strike law. (See *Scott, supra,* 9 Cal.4th at p. 354.)

19

Because the issue we consider here involves a question of statutory interpretation, our review is de novo.  Our fundamental task is to determine the Legislature's intent in order to effectuate the law's purpose.  We begin by examining the statute's words, giving them a plain and commonsense meaning.  We do not, however, consider the statutory language in isolation, but rather construe the words in context of the entire substance of the statute.  (See *Acosta*, *supra*, 29 Cal.4th at p. 112.)

Subdivision (a) of section 667.61 states, "Except as provided in subdivision (j), (*l*), or (m), a person who is convicted of an offense specified in subdivision (c) under one *or more* of the circumstances specified in subdivision (d) or under two *or more* of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 25 years to life."  (Italics added.)  Similarly, subdivision (*l*) of section 667.61 provides, "A person who is convicted of an offense specified in subdivision (n) under one *or more* of the circumstances specified in subdivision (d) or under two *or more* of the circumstances specified in subdivision (e), upon a victim who is a minor 14 years of age or older shall be punished by imprisonment in the state prison for life without the possibility of parole."  (Italics added.)

Thus, a defendant "shall be punished . . . for 25 years to life" if convicted of forcible rape under "one or more" circumstances specified in subdivision (d), or "two or more" circumstances specified in subdivision (e) of section 667.61.  (§ 667.61, subd. (a).)  Similarly, a defendant "shall be punished . . . for life without the possibility of parole" if convicted of forcible rape of a minor 14 years or older under "one or more" circumstances specified in subdivision (d), or "two or more" circumstances specified in subdivision (e).  (§ 667.61, subd. (*l*).)  The inclusion of the words "or more" in both subdivisions (a) and (*l*) of section 667.61 signal that the punishment applies only once to a

20

qualifying offense committed under the minimum number of circumstances, even where there are additional circumstances above the minimum.

The People resist this interpretation but fail to persuade us of a contrary interpretation. They do not identify any provision of section 667.61 that would allow the imposition of *additional* punishment on unused circumstances, even stayed sentences. They fail to grapple with the words "or more" present in subdivisions (a) and (*l*) of section 667.61. Instead, the People focus heavily on the legislative intent "that offenders subject to the One Strike law receive the most severe punishment possible." We agree that the One Strike law is intended to ensure perpetrators of heinous sexual offenses face the most severe punishment possible. But as the People point out, the statute accomplishes this goal by its "design[ ] to cascade down from the most severe to least severe punishments." For example, the least severe sentence of 15 years to life under subdivision (b) is imposed where the defendant is convicted of a qualifying offense under one of the circumstances in subdivision (e), but only if one of the more severe sentences in one of the other enumerated subdivisions does not apply. (See § 667.61, subd. (b) ["Except as provided in subdivision (a), (j), (*l*), or (m) . . . ."].)

Subdivision (f) of section 667.61 further demonstrates this design of cascading down from the most severe to least severe punishments. It provides: "If only the minimum number of circumstances specified in subdivision (d) or (e) that are required for the punishment provided in subdivision (a), (b), (j), (*l*), or (m) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a), (b), (j), (*l*), or (m) *whichever is greater*, rather than being used to impose the punishment authorized under any other law, *unless another law provides for a greater penalty* or the punishment

21

under another law can be imposed in addition to the punishment provided by this section." (§ 667.61, subd. (f), italics added.) Thus, pursuant to subdivision (f), where the victim is a minor 14 years or older, the least severe sentence of 25 years to life under subdivision (m) is imposed where the defendant is convicted of a qualifying offense under one of the circumstances in subdivision (e), but only if the more severe sentence of LWOP under subdivision (*l*) of section 667.61 does not apply, or another law does not provide for a greater penalty. For example, if the defendant is convicted of a qualifying offense against a minor under one of the circumstances in subdivision (d) or two or more circumstances under subdivision (e), the punishment is LWOP. (§ 667.61, subd. (*l*).)

Relying on *People v. Gonzalez* (2008) 43 Cal.4th 1118, the People argue that "[i]mposing and staying punishments for additional One Strike circumstances is consistent with the statutory language and advances the legislative intent by ensuring the stayed punishment is available if the primary punishment is later invalid[at]ed on appeal." This proposition may be true, but it is not grounded in the statutory text. Instead, the People's argument relies on analogizing the One Strike law to gun enhancements under section 12022.53 and the court's discretionary authority to stay enhancements under section 654 and California Rules of Court, rule 4.447. But as we have already discussed, the One Strike law is not an enhancement and thus section 654 and rule 4.447 do not assist us here. (See Section II, *ante*.)

We thus conclude the One Strike law does not authorize the trial court to impose additional terms for counts 1 and 5 based on the remaining unused circumstances, even though stayed. Accordingly, the unauthorized sentences must be stricken.

On count 5, the trial court imposed and stayed a *second* term of LWOP pursuant to section 667.61, subdivision (*l*), based on the circumstances of aggravated kidnap under subdivision (e)(1) and multiple victims under subdivision (e)(4). The court then imposed and stayed a term of 25 years to life under subdivision (m) based on the *same* multiple victim circumstance under subdivision (e)(4), doubled to 50 years to life for the strike prior; and another term of 25 years to life under subdivision (m) based on the same aggravated kidnap circumstance under subdivision (e)(1), doubled to 50 years to life for the strike prior. All three stayed sentences on count 5 must be stricken because, as we have discussed, section 667.61 permits only a single, One Strike sentence per count.[14]

On count 1, the trial court imposed and stayed the following additional terms under section 667.61: (1) a term of 25 years to life pursuant to subdivision (a) based on the circumstance of aggravated kidnap/increased risk of harm to the victim under subdivision (d)(2) of section 667.61, doubled to 50 years to life for the strike prior; (2) a term of 15 years to life pursuant to subdivision (b) based on the aggravated kidnap circumstance under subdivision (e)(1), doubled to 30 years to life for the strike prior; (3) a term of 25 years to life pursuant to subdivision (a) based on the aggravated kidnap circumstance under subdivision (e)(1) and the multiple victims circumstance under subdivision (e)(4), doubled to 50 years to life for the strike prior; and

---

[14] We also note that multiple LWOP sentences on the same count are not permitted. (See Levinson & Ricciardulli, Cal. Criminal Law (The Rutter Group 2013) § 5:30, p. 5-70.) Further, the two stayed 25-years-to-life sentences under subdivision (m) of section 667.61 are based on duplicate circumstances that triggered subdivision (*l*) of section 667.61 and resulted in the first LWOP term. (See § 667.61, subd. (f).)

23

(4) a term of 15 years to life pursuant to subdivision (b) based on the multiple victim circumstance under subdivision (e)(4), doubled to 30 years to life for the strike prior.  All four stayed sentences on count 1 must be stricken because, again, section 667.61 permits only a single, One Strike sentence per count.[15]

## DISPOSITION

As to counts 1 and 5, the alternative sentences of 25 years to life, doubled for 50 years to life, under section 667.71, subdivision (a), are stricken rather than stayed.

As to count 1, the term of 25 years to life pursuant to subdivision (a) of section 667.61, based on the circumstance of aggravated kidnap/increased risk of harm to the victim under subdivision (d)(2) of section 667.61, doubled to 50 years to life for the strike prior, is stricken rather than stayed.

As to count 1, the term of 15 years to life pursuant to subdivision (b) of section 667.61, based on the aggravated kidnap circumstance under subdivision (e)(1) of section 667.61, doubled to 30 years to life for the strike prior, is stricken rather than stayed.

As to count 1, the term of 25 years to life pursuant to subdivision (a) of section 667.61, based on the aggravated kidnap circumstance under subdivision (e)(1) and the multiple-victims circumstance under subdivision (e)(4) of section 667.61, doubled to 50 years to life for the strike prior, is stricken rather than stayed.

---

[15] Additionally, the second and fourth stayed 15-years-to-life sentences pursuant to subdivision (b) are based on duplicative circumstances that triggered the third stayed sentence of 25 years to life pursuant to subdivision (a).  (See § 667.61, subd. (f).)

As to count 1, the term of 15 years to life pursuant to subdivision (b) of section 667.61, based on the multiple-victims circumstance under subdivision (e)(4) of section 667.61, doubled to 30 years to life for the strike prior, is stricken rather than stayed.

As to count 5, the second term of LWOP pursuant to subdivision (*l*) of section 667.61, based on the circumstances of aggravated kidnap under subdivision (e)(1) and multiple victims under subdivision (e)(4) of section 667.61 is stricken rather than stayed.

As to count 5, the term of 25 years to life under subdivision (m) of section 667.61, based on the multiple-victims circumstance under subdivision (e)(4) of section 667.61, doubled to 50 years to life for the strike prior, is stricken rather than stayed.

As to count 5, the term of 25 years to life under subdivision (m) of section 667.61, based on the aggravated kidnap circumstance under subdivision (e)(1) of section 667.61, doubled to 50 years to life for the strike prior, is stricken rather than stayed.

As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modification and to

25

forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

DO, J.

WE CONCUR:

DATO, Acting P. J.

CASTILLO, J.